**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

**ATEHAWUNG ATEM FLORIS**               **CIVIL DOCKET NO. 3:26-CV-579**
**EPSE ALA ANDEM**


**VERSUS**                              **JUDGE TERRY A. DOUGHTY**


**WARDEN, RICHWOOD**                    **MAGISTRATE JUDGE HORNSBY**
**CORRECTIONAL CENTER**

**MEMORANDUM ORDER**

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed by <u>pro</u> <u>se</u> petitioner Atehawung Atem Floris Epse Ala Andem, ("Petitioner"), pursuant to 28 U.S.C. §2241. Petitioner is an immigration detainee at the Richwood Correctional Center in Monroe, Louisiana.  She alleges that she has been detained since December 2, 2024.  She claims that on November 3, 2025, the immigration court granted her application for withholding of removal.  She seeks release from detention.

A court may order a respondent to file an answer, motion, or other response, in its discretion.  <u>See</u> <u>generally</u> 28 U.S.C. § 2243; Rule 4 of the Rules Governing § 2254 Cases; <u>Danforth v. Minnesota</u>, 552 U.S. 264, 278 (2008); <u>Maniar v. Warden Pine Prairie Corr. Ctr.</u>, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna, M.J.).[1]  This court has determined that a 21 day briefing schedule with seven days to reply is reasonable and appropriate in cases like Petitioner's.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases.  <u>See</u> <u>Hickey v. Adler</u>, 2008 WL  835764, *2 (E.D. Cal. 2008); <u>Castillo v. Pratt</u>, 162 F. Supp. 2d 575,

Accordingly, to determine whether Petitioner is entitled to relief;

**THE CLERK IS DIRECTED** to serve a summons, a copy of the Petition (Doc. 1), and a copy of this Order, by certified mail, on: (1) the United States through the United States Attorney for the Western District of Louisiana; (2) the United States Attorney General; (3) DHS/ICE through its Office of General Counsel; and (4) the Warden where Petitioner is detained.

**IT IS ORDERED** that a Response be filed within **21 days** following the date of service, with summary judgment evidence including whether Petitioner's order of removal is final, whether there is a significant likelihood of removal in the reasonably foreseeable future, and whether Petitioner's detention is otherwise lawful.  This evidence shall include information regarding efforts made to obtain travel documents from any country.

**IT IS FURTHER ORDERED** that Petitioner shall have seven days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of her detention.

After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 16th day of March 2026.

Mark L. Hornsby
U.S. Magistrate Judge

---

577 (N.D. Tex. 2001); Wyant v. Edwards, 952 F. Supp. 348 (S.D.W. Va. 1997); see also Taylor v. Gusman, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").